# Exhibit A

**to Defendants' Notice of Removal**

State Court Documents

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| Andrea Fripp James, ) | CASE NO. 2016-CP-40-0398 |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION COVERSHEET |
| ) | |
| Richland County Recreation Commission; and ) | |
| James Brown III, J. Marie Green, Barbara ) | |
| Mickens and David Stringer, in their individual ) | |
| capacities, ) | |
| Defendants. ) | |

Submitted By: Julius W. Babb, IV & J. Lewis Cromer
Address: J. Lewis Cromer & Associates, L.L.C
1418 Laurel Street, Suite A (29201)
P.O. Box 11675
Columbia, SC 29211-1675

SC Bar #: 77216 (JWB) / 1470 (JLC)
Telephone #: 803-799-9530
Fax #: 803-799-9533
Other:
E-mail: jayb@jlewiscromerlaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699)– Defamation and Civil Conspiracy | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |

Submitting Party Signature: /s/ Lewis Cromer                     Date: March 2, 2016

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.
2. The initial ADR conference must be held within 300 days after the filing of the action.
3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)
4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;
    b. Requests for temporary relief;
    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.
5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Andrea Fripp James,<br><br>           Plaintiff,<br><br>v.<br><br>Richland County Recreation Commission;<br>and James Brown III, J. Marie Green, Barbara<br>Mickens and David Stringer, in their individual<br>capacities,<br><br>           Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2016-CP-40-01398<br><br><br>SUMMONS |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

J. LEWIS CROMER & ASSOCIATES, L.L.C.

BY: _____
J. Lewis Cromer (#1470)
Julius W. Babb, IV (#77216)
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax    803-799-9533

*Attorneys for Plaintiff*

March ___, 2016
Columbia, SC

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Andrea Fripp James,<br>                Plaintiff,<br><br>v.<br><br>Richland County Recreation Commission;<br>and James Brown III, J. Marie Green, Barbara<br>Mickens and David Stringer, in their individual<br>capacities,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2016-CP-40-01398<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff, by and through undersigned counsel, complaining of the Defendants herein, alleges as follows:

1.  The plaintiff, Andrea Fripp James, (hereinafter "Plaintiff") is a citizen and resident of Richland County, South Carolina, and she is employed as the Division Head of Financial Operations for the Richland County Recreation Commission.

2.  The defendant, Richland County Recreation Commission (hereinafter "RCRC") is a special purpose district created by an act of the South Carolina legislature to serve as an independent unit of local government under the control of a seven-member volunteer board (hereinafter "the Board") appointed by the governor. Defendant RCRC is headquartered and operates in Richland County, South Carolina.

3.  The defendant, James Brown, III, (hereinafter "Brown") is the Executive Director of RCRC and, upon information and belief, resides in Richland County, South Carolina.

4.  The defendant, J. Marie Green, (hereinafter "Green") serves on the Board for RCRC, and upon information and belief, resides in Richland County, South Carolina.

1

5. The defendant, Barbara Mickens, (hereinafter "Mickens") serves on the Board for RCRC, and upon information and belief, resides in Richland County, South Carolina.

6. The defendant, David Stringer, (hereinafter "Stringer") is the Division Head of Human Resources for RCRC and, upon information and belief, resides in Richland County, South Carolina.

7. Jurisdiction and venue are proper in the Richland County Court of Common Pleas where this lawsuit is filed as the defendants reside and/or operate in Richland County, South Carolina and the events described herein occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

8. The Plaintiff, an African-American female, has been employed by RCRC since July 5, 2011, and currently serves as the Division Head of Finance for RCRC. Prior to December 2015, the Plaintiff reported to the Assistant Executive Director who then reported to Defendant Brown, the Executive Director.

9. Beginning in the Spring of 2014, Brown began making sexual comments and innuendos to the Plaintiff. For example:

   a. Brown told the Plaintiff that he had never met a woman like her who he didn't have to take care of.

   b. Brown told the Plaintiff that the fact that she was now married made it (implying a sexual relationship) better because single women want to stay around but he knew she would have to go home to her husband.

   c. Brown would come into her office alone and make sexually suggestive comments to her.

2

10. The Plaintiff reported her concerns to Stringer in Human Resources and her supervisor, the Assistant Executive Director, and they agreed to "run interference" for her by coming into her office if they saw Brown in there or calling her on the phone to interrupt if needed so that she would not be alone with Brown.

11. Brown's sexual treatment continued. For example:

   a. On several occasions, Brown told the Plaintiff that he was going to give her until a certain time (after surgery, at the beginning of the year, after budget time, etc.) and then he was just going to come into her office and say "Let's go". (Implying that they go have sex).

   b. Brown told the Plaintiff that he would arrange it so they could "be together" (have sex) during the work day so that they didn't have to try and meet after work hours to keep things normal at home since they were both married.

12. The Plaintiff continually rebuffed Brown's sexual harassment and made it clear the conduct was unwanted. Eventually, Brown told the Plaintiff, "I know you don't want me. I have never had a woman turn me down. I can't figure you out. You're a challenge."

13. In 2014, there were anonymous letters complaining about Brown and RCRC. Brown made it clear that he had the four votes he needed to avoid problems. Brown stated that he helped Ms. Green and Ms. Mickens out financially and otherwise since they were not working; that Mr. Furgess was on his side; and that Mr. Martin voted with Ms. Green. In a Board meeting on September 22, 2014, a motion was passed by a 5-2 vote to hire a local attorney to conduct an investigation of Brown. However, two of the Board members—Martin and Furgess—rescinded their earlier votes and a motion passed to rescind the earlier decision by a 4-3 vote. Brown approached the Plaintiff after this occurred and told her he was the most powerful man in

3

South Carolina and he could not be touched because of who put him in the position. This further caused the Plaintiff to be fearful of retaliation from Brown.

14. In early September of 2015, the Plaintiff refused to sign a blank purchase order for Erica Smalls, the HR Manager. Soon thereafter, Brown, who appeared to favor Ms. Smalls and have a close relationship with her, directed that all purchase orders come to him. The Plaintiff then met with Brown and told him that she would not sign a blank purchase order for anyone as it was not appropriate. The Plaintiff also complained about the manner in which Brown held control over the finances, and she stated that it was inappropriate for him to have such control and sign the checks. During this same meeting, the Plaintiff raised concerns that Brown was telling others that she and her supervisor were having an inappropriate relationship (which they were not). Brown told the Plaintiff it hurt his feelings when she went into her supervisor's office. Around this time, Brown issued a directive that Plaintiff's supervisor was not to go into her office.

15. Brown's hostile and retaliatory treatment towards the Plaintiff continued and Brown made false comments that the Plaintiff refused to speak with him and false comments about the Plaintiff having a relationship with her supervisor.

16. Brown, with Stringer present, meets with one of the Plaintiff's subordinates in an effort to try and get her to make negative remarks regarding the Plaintiff. Brown asked if she can do the Plaintiff's job and asks if the Plaintiff is mean to her. Brown also made false comments to the subordinate regarding an inappropriate relationship between the Plaintiff and her supervisor.

17. On or about December 1, 2015, the Plaintiff is informed that Brown has removed her department from under her current supervisor and placed it directly under Brown. During this time, Brown continued to approach the Plaintiff's subordinate; and she complains to Stringer in

Human Resources that she does not want to be involved. Apparently, Stringer disclosed this to Brown and the subordinate was called into a meeting with Stringer and Brown, where Brown continued to make false remarks about an inappropriate relation between the Plaintiff and her supervisor and again tries to get her to say the Plaintiff is mistreating her.

18.     Based on information and belief, on numerous occasions, Brown published false statements regarding the Plaintiff and her supervisor to other RCRC employees, Board members and others.

19.     Both Mickens and Green have acted openly hostile towards the Plaintiff, especially in Board meetings since December 2015.

20.     On January 6, 2016, Brown called an unscheduled staff meeting wherein he acted hostile, made threats and made numerous inappropriate statements. During this meeting, Brown claimed the Board wanted him to have a buffer between him and staff and announced that Tara Dickerson was promoted to a newly created position of Chief of Staff. Some of the statements and conduct Brown expressed in this meeting include:

   a. He said Tara Dickerson was being named the Chief of Staff to be the "punisher" and he was going to enjoy it.
   b. He claimed he was too good to the staff and they made too much money but that he is not doing that anymore.
   c. He said that "Prick" (Brown's nickname referring to his mean side) wants to come out and the only thing stopping him is his RCRC badge. He

5

       threateningly mentioned that they would not want to meet him on the street outside of work.[1]

    d. He said if the staff does not like how things are at RCRC they can just quit, and he threateningly reminds them it is an at-will state.

21. Brown, talking to several individuals about Ms. Dickerson being appointed Chief of Staff, said that Green told him words to the effect that "black people don't listen to black people" and that he needs a white face to "crack the whip" on the black people.

22. Brown and Stringer then began to question why the Foundation reported to the Plaintiff. The Foundation is a 501(c)(3) tax exempt, non-profit that acts as the fundraising arm of the RCRC, and is run by its own board of directors. The Foundation reported to Plaintiff's supervisor until she assumed the finance position, at which time the structure was changed to report to her. The Plaintiff regularly reported on the Foundation to the Board at the monthly Board meetings. Nonetheless, the Plaintiff was now being questioned about duties that she held for over two years.

23. Brown and Stringer began calling the Plaintiff's staff intimidating them about the Foundation and saying that he and Green are coming to the Foundation board meetings. Green came to such a meeting on January 28, 2016 and she acted rude and angry, even refusing to speak to the Plaintiff.

24. On February 8, 2016, Brown removed the Foundation duties from the Plaintiff without explanation and directed that it should report to Tara Dickerson.

25. Since January 6, 2016, Dickerson has had little to no communications with the Plaintiff about work; yet Dickerson and Human Resources communicate directly with the

---

[1] On several occasions, Brown has bragged about having his concealed weapons permit and indicated that he carries.

Plaintiff's staff while circumventing her. Brown directed Ms. Dickerson to go into the finance department when the Plaintiff is not there to question staff about the Plaintiff and gather documents and information.

26.     Promotions were given to a select few individuals including Dickerson and Erica Smalls, who was promoted to Human Resources Director.

27.     The defendant Brown with support from Green and Mickens has created and fostered a manifestly hostile environment at the Richland County Recreation Commission through bullying, threats, and intimidation as well as erratic and unpredictable behavior to the point that the entire operation of the Recreation Commission is in jeopardy and immediate changes are needed by the Richland County legislative delegation and the Recreation Commission Board if the same is to survive and to carry on its proper mission in caring for the recreational needs of the citizens of this county. Both the board and the delegation are aware of the discord, rancor, and hostile and abusive treatment that the top level managers of the agency, including the plaintiff, constantly receive in trying to carry out the performance of their jobs.

### FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT RCRC AND DEFENDANT BROWN
### (Defamation)

28.     The Plaintiff realleges paragraphs 1-27 where consistent herewith as if stated verbatim herein.

29.     The Defendant RCRC and Defendant Brown falsely accused the Plaintiff of having an improper sexual relationship with her supervisor. Such publications occurred on several occasions in 2015 and even in 2016. Such defamatory remarks were published to the Plaintiff's co-workers, Board members, and others. Moreover, the directive that Plaintiff's own

7

supervisor could no longer come into her office and the removal of the finance department from under her supervisor provide a defamatory inference by acts as well as words.

30. The defamatory actions and words of Brown and other RCRC personnel acting as agents and servants within the course and scope of their employment as set forth herein have directly and indirectly promulgated to the public at large the false insinuation that Plaintiff is unchaste and unfit in her profession. The defamatory publications are especially harmful, as the Plaintiff is happily married and thus imply and infer adultery.

31. Such a portrayal is false, known to be false, made with malicious intent to harm the Plaintiff, and in reckless disregard of the truth is, defamatory *per se*. Further, that the above constitutes defamation by actions as well as words and is actionable under the laws of the State of South Carolina; and such defamatory actions and words are outside of or exceed the scope of any alleged privilege or immunity.

32. That as a direct and proximate result of the aforesaid defamation, Plaintiff has suffered injury to her reputation, emotional distress, and mental anguish and she is entitled to an award of damages, costs and fees, and punitive damages to the extent allowed by law.

### FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS BROWN, STRINGER, GREEN, AND MICKENS
(Civil Conspiracy)

33. The Plaintiff realleges paragraphs 1-32 where consistent herewith as if stated verbatim herein.

34. Defendants Brown, Stringer, Green and Mickens ("Individual Defendants") and others met at various times and places, schemed, conspired, and planned in secret, outside the scope of their official duties and supervisory roles, to harass and ostracize the Plaintiff in an effort to harm her and cause her to resign or lose authority in her position with RCRC.

8

35. As set forth above, Brown had personal motivations to harm the Plaintiff as she opposed his advances, refused to sign a blank purchase order and ultimately filed a complaint of harassment. Stringer, Mickens and Green are personally motivated to support Brown and they joined the conspiracy against the Plaintiff.

36. Using their respective positions of power for such personal and improper reasons, the Individual Defendants stripped the Plaintiff of duties, threatened the Plaintiff and her staff, and tried to find some reason to take action against her. Such actions are ongoing as of the filing of this action.

37. Such a combination of persons acting, planning, and scheming outside the course and scope of their employment in order to harm Plaintiff and promote personal interests constitutes an unlawful civil conspiracy for which the Individual Defendants are liable.

38. Such a civil conspiracy on the part of the Individual Defendants, acting outside of the course and scope of their employment, was done as a part of a personal and malicious agenda to harm the Plaintiff and to cause her special damages including causing her to be ostracized and isolated in the work environment, extreme emotional suffering, embarrassment, humiliation as well as incurring attorneys' fees and costs. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and malicious conduct. She also seeks attorneys' fees and the costs associated with bringing this cause of action.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and compensatory damages in an amount to be determined by a jury, as well as an award of punitive damages to the extent allowed by law. The Plaintiff further prays for attorneys' fees and costs

associated with this action.

        Respectfully submitted,

        **J. LEWIS CROMER & ASSOCIATES, L.L.C.**

BY: *[signatures]*

        J. Lewis Cromer (#1470)
        Julius W. Babb, IV (#77216)
        1418 Laurel Street, Suite A
        Post Office Box 11675
        Columbia, South Carolina 29211
        Phone  803-799-9530
        Fax     803-799-9533

        *Attorneys for Plaintiff*

March 2, 2016
Columbia, SC

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>IN THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | C/A No.: 2016-CP-40-1398 |
| Andrea Fripp James,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Richland County Recreation Commission;<br>and James Brown III, J. Marie Green, Barbara<br>Mickens and David Stringer, in their individual<br>capacities,<br>　　　　　　　　Defendants. | **PLAINTIFF'S FIRST SET OF<br>DISCOVERY REQUESTS TO<br>DEFENDANT RICHLAND COUNTY<br>RECREATION COMMISSION** |

**TO:  RICHARD MORGAN, ESQ., ATTORNEY FOR DEFENDANT RICHLAND COUNTY RECREATION COMMISSION:**

Pursuant to Rules 26, 33, and 34 of the South Carolina Rules of Civil Procedure, the plaintiff hereby propounds her First Set of Interrogatories and Requests for Production to the defendants as set forth below, and requests that the defendants serve their responses in writing along with copies of the requested documents to the undersigned counsel within thirty (30) days of service hereof. These Interrogatories and Requests for Production of Documents shall be of a continuing nature and the defendant(s) responses thereto shall be supplemented from time to time as required by Rule 26 of the South Carolina Rules of Civil Procedure.

## INTRODUCTION

A.   As used herein, the terms "defendant(s)," "you," or "your" refer without limitation to the named defendant(s) including all agents, employees, and representatives acting on the behalf of the same.

B.   As used herein, "document" is used in its customary broad sense under the Federal Rules of Civil Procedure to mean every writing or record of every type and description that is in the possession, control, or custody of the defendant(s), including, without limitation, the following items, whether printed, computerized, taped, or recorded, filmed, reproduced by any process, written or produced by hand, and whether an original, master or copy, namely: agreements; communications, including intra-company communications and correspondence; cablegrams, radiograms and telegrams; notes; memoranda; computer discs and printouts; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records .. of personal conversations or interviews; books; manuals, publications; diaries; charts; financial

records and/or summaries of financial records of any kind; photographs; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; reports and summaries of negotiations; drafts of originals or preliminary notes on, and marginal comments appearing on, any documents; other reports and records; any other paper or physical thing containing writing; every copy of such writing or record where the original is if not in the possession, custody, or control of the defendant(s), every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

    C.    The use of the word "document" also shall be deemed to include computer records or other records, including voice mail or "e-mail" records maintained in a computer or other electronic storage medium, from which the record can be obtained, translated, if necessary, by the defendant(s) through detection devices into reasonably useable form. Such electronic records may include, but are not limited to data, data files, data structures, and all other information produced and recorded by software (such as word processors, databases, spreadsheets, communications programs, and the like) and recorded in some fashion using a software program and maintained on disks and diskettes, hard disks, compact disks, CD ROMs, magnetic tape, personal digital assistants ("PDAs"), and all other forms of digital recordings and electronic storage. In lieu of producing the "hard copy" of the document(s) sought, the defendant(s) may produce copies of the data in electronic form, including appropriate software, if necessary to translate the record into a useable format.

    D.    As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including its relationship to other events).

    E.    "Person" shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

    F.    When asked to "identify" any corporation, partnership, business entity or other "person," the defendant(s) is/are requested to name the person or entity and provide at least sufficient information to enable the person or entity to be subpoenaed, including present or last known address and telephone number, occupation, job title, business affiliation and/or nature of business.

    G.    When used in conjunction with the term "document" or "documents," "identify" or "describe" shall mean to provide sufficient identifying information to enable the document to be subpoenaed, including its title and/or subject matter; its date; its author or person signing the document; and the name and address of its present custodian. When the identification and description of documents are requested, the defendant(s) may, in lieu of identifying and describing the documents, attach legible copies of the documents to the response to these

Interrogatories, provided that each document is appropriately marked to identify the Interrogatory to which the document is responsive.

H.     If in response to any Interrogatory or Request for Production, there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to answer the Interrogatory or respond to the Request for Production to the extent that it is not subject to the objection or privilege.

I.     These Interrogatories and Requests for Production of Documents are deemed controlling to the extent provided by the Federal Rules of Civil Procedure. If after answering these Interrogatories, the defendant(s) obtains or becomes aware of any further information responsive to these Interrogatories, plaintiff requests that the defendant(s) updates and amends his responses herein.

## RULE 33(b), SCRCP STANDARD INTERROGATORIES

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party that relate to the claim or defense in the case.

3. In cases involving personal injury set forth the names and addresses of all physicians who have treated the party and all hospitals to which the party has been committed in connection with said injuries and also set forth a statement of all medical costs involved.

4. Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

5. Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the party.

6. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

7. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

8. If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct information.

## ADDITIONAL INTERROGATORIES

9. Set forth a specific summary of any investigation of complaints and reports made against RCRC and James Brown, including but not limited to such complaints and reports made by the Plaintiff and other current or former employees of the Richland County Recreation Commission. For each investigation, include the following:

   a) set forth a detailed summary of events with dates;

   b) identify each person involved in the investigation including employees and outside investigators;

   c) identify each individual interviewed or questioned during the investigation and state whether a statement was given and whether a written record, summary or notes concerning the interview were created and by whom;

   d) set forth any findings or conclusions from the investigation; and

   e) describe any actions taken as a result of the findings or conclusions.

## REQUESTS FOR PRODUCTION

1. All documents, complaints, reports, investigative reports, correspondence, ESI, electronic mail messages, memoranda, notes, statements, interview summaries, and written material of any kind related to the investigation of complaints and reports against James Brown or RCRC by the Plaintiff or any other current or former employees of RCRC, including but not limited to any complaints and investigations identified in answering Interrogatory Number 9.

2. All reports, finding and memoranda related to the recent investigation performed by Linda Pearce Edwards.

3. All statements from witnesses listed in answering Interrogatory Number 1.

4. A copy of all materials listed in answering Interrogatory 2.

5. A complete copy of any and all insurance policies listed in your answer to Interrogatory.

6. Complete curricula vitae, resume(s) and any and all reports or statements of any person listed in your answer to Interrogatory 5.

7. A complete copy of Plaintiffs' personnel files.

8. All documents that the defendants intend to use of may use in the trial of this matter.

9. All documents identified, referred to, or utilized by the defendant in answering Plaintiff's First Set of Interrogatories.

10. All documents, electronically stored information (ESI - as defined above) electronic mail messages, metadata, memoranda, notes, correspondence drafts and written material of any kind- not otherwise produced in the above requests-that relate or refer in any way to the allegations made in the Amended Complaint, the defenses raised in the Answer, or issues in this litigation.

11. To the extent you assert any of the above requested documents are protected by attorney-client privilege, other privilege, or is work-product protected please describe the basis for such privilege, the nature of such withheld information (including the parties to any correspondence withheld) and the number of pages in any withheld set of documents via privilege log.

*(Signature block on following page)*

**J. LEWIS CROMER & ASSOCIATES, LLC**

BY: *Julius W. Babb*
J. Lewis Cromer (#1470)
Julius W. Babb, IV (#77216)
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
Phone   803-799-9530
Fax       803-799-9533

*Attorneys for Plaintiff*

March 29, 2016
Columbia, South Carolina

**Certificate of Service**

I hereby certify that on the date above, I served on Counsel of record a true and correct copy of this document by U.S. mail, postage prepaid.

*Mendy Young*
Mendy Young - Paralegal